UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
WESLEY CURTIS JONES,

                    Plaintiff,

         -against-

DANIELLE PAPA, MELISSA TURK,
RICHARD T. DUNNE,

                    Defendants.
----------------------------------------------------------------X

For Online Publication Only

**ORDER**
21-CV-1099 (JMA) (ST)

**AZRACK, United States District Judge:**

      Incarcerated pro se plaintiff Wesley Curtis Jones ("Plaintiff") has filed an in forma pauperis complaint against Danielle Papa, who is alleged to be his defense attorney in an underlying on-going state court criminal prosecution ("Papa"), Suffolk County Assistant District Attorney Melissa Turk ("ADA Turk"), and Hon. Richard T. Dunne, the acting County Court judge who is assigned to Plaintiff's state court criminal proceedings ("Judge Dunne" and collectively, "Defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983"). For the reasons that follow, the application to proceed in forma pauperis is granted, but the complaint is sua sponte pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

## I. COMPLAINT

      Plaintiff's complaint is submitted on the Court's Section 1983 complaint form and seeks to challenge an on-going criminal prosecution in the First District Court, Suffolk County, under case CR-005731-20SU.[1] Plaintiff seeks to impose liability upon ADA Turk who is prosecuting

---

[1] Notably, a review of the public court records maintained by the New York State Office of Court Administration reflects that Plaintiff is a defendant in nineteen (18) open criminal cases pending in the First District Court, Suffolk County. See case numbers: CR-013380-20SU; CR-000060-20SU; CR-000061-20SU; CR-000062-20SU; CR-001453-20SU; CR-001458-20SU; CR-057918-19SU; CR-005729-20SU; CR-005730-20SU; CR-005731-20SU; CR-007993-20SU; CR-007994-20SU; CR-007995-20SU; CR-013249-20SU; CR-013250-20SU; CR-016615-20SU; CR-016616-20SU; and CR-052952-19SU. Plaintiff is also a defendant in a case pending in the Suffolk County Court under case number 00155-2021.

him, his court appointed criminal defense attorney, Papa, and the presiding judge, the Hon. Richard T. Dunne. Plaintiff complains, inter alia, that exculpatory evidence was not produced, that Papa improperly waived his right to be indicted within the time frame set forth in N.Y. Criminal Procedure Law § 180.80[2], and that Judge Dunne has not scheduled a conference or decided Plaintiff's motion to dismiss the indictment. (Compl. at 3-4.) Plaintiff claims that the defendants have committed "treason" and seeks to charge the Defendants with violation of 18 U.S.C. §§ 241-242, 2382. (Id. at 6.) For relief, Plaintiff seeks to recover a compensatory damages award in the total sum of $21 million dollars and an additional unspecified sum for punitive and exemplary damages. (Id. at 7.)

## II.   DISCUSSION

### A. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this case without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's application to proceed in forma pauperis is granted.

### B. Standard of Review

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon

---

[2] N.Y. Criminal Procedure Law § 180.80 provides in pertinent part that, absent certain circumstances, a defendant held in custody for "more than one hundred twenty hours or, in the event that a Saturday, Sunday or legal holiday occurs during such custody, one hundred forty-four hours, without either a disposition of the felony complaint or commencement of a hearing thereon" must be released by the local criminal court on his own recognizance. N.Y. Crim. Proc. Law § 180.80.

2

which relief may be granted." 28 U.S.C. § 1915A(b)(1).  Similarly, pursuant to the in forma pauperis statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The Court must dismiss the action as soon as it makes such a determination.  28 U.S.C. § 1915A(b).

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997).  In addition, the Court is required to read Plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests.  United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that pro se complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").  However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).  The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully."  Id. at 678.  While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic

3

recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

### C. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. In order to state a Section 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal quotation marks and citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

#### 1. Judicial Immunity

Plaintiff's Section 1983 claims against Justice Dunne must be dismissed. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. Mireles v. Waco, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." Bliven v. Hunt, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." Id. (citations omitted). However, absolute judicial immunity does not

4

apply when the judge acts "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction."  Mireles, 502 U.S. at 9-10; see also Bliven, 579 F.3d at 209-10 (describing actions that are judicial in nature).  But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." Stump v. Sparkman, 435 U.S. 349, 356 (1978).

Here, as is readily apparent, Plaintiff's claims against Justice Dunne arise solely of out of responsibilities while presiding over Plaintiff's criminal case.  Indeed, Plaintiff complains that Justice Dunne has not yet scheduled a conference or decided his motion to dismiss the indictment. Both of these actions are certainly duties that squarely fall within the scope of Justice Dunne's judicial capacity and jurisdiction.  The Court therefore dismisses Plaintiff's Section 1983 claims against Justice Dunne under the doctrine of judicial immunity.  See 28 U.S.C. § 1915(e)(2)(B)(i), (iii); Mills v. Fischer, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute].").

**2. Prosecutorial Immunity**

Plaintiff's Section 1983 claims against ADA Turk must also be dismissed. Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process."  Simon v. City of New York, 727 F.3d 167, 171 (2d Cir. 2013) (internal quotation marks and citation omitted); see also Buckley v. Fitzsimmons, 509 U.S. 259 (1993) (holding that absolute immunity is analyzed under "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it").

Here, Plaintiff's Section 1983 claims against ADA Turk are based on actions within the

scope of her official duties and associated with the initiation and conduct of a criminal proceeding. Therefore, these claims are dismissed because they seek monetary relief against a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2)(b)(i), (iii); see Collazo v. Pagano, 656 F.3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

### 3. Sovereign Immunity

In addition, the Eleventh Amendment divests this Court of subject matter jurisdiction over any claim for monetary damages against a state actor acting in his or her official capacity. See Kentucky v. Graham, 473 U.S. 159, 169 (1985) ("The Court has held that, absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court."). "It is well-established that New York State has not consented to Section 1983 suits in federal court . . . and that Section 1983 was not intended to override a state's sovereign immunity." Mamot v. Board of Regents, 367 F. App'x 191, 192 (2d Cir. 2010) (internal citation omitted).

To the extent that Justice Dunne and ADA Turk are being sued in their official capacities, they are protected by sovereign immunity as guaranteed by the Eleventh Amendment. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.") (citations omitted); see also Amaker v. N.Y. State Dep't of Corr. Servs., 435 F. App'x 52, 54 (2d Cir. 2011) (holding that an assistant district attorney were sued in an official capacity "benefitted from New York's Eleventh Amendment

immunity against suit") (citing Ying Jing Gan v. City of New York, 996 F.2d 522, 529 (2d Cir. 1993)) (holding that district attorney represents the state, not the county, and so is entitled to Eleventh Amendment immunity). Accordingly, the Eleventh Amendment precludes Plaintiff's Section 1983 claims seeking monetary damages from Justice Dunne and ADA Turk. Accordingly, Plaintiff's Section 1983 claims against Justice Dunne and ADA Turk are implausible and are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

### 4. Private Defendant

Plaintiff's Section 1983 claims against Papa must also be dismissed. As noted above (see supra at 4), a claim for relief under § 1983 must allege facts showing that each defendant "act[ed] under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (internal quotation marks and citation omitted); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("[T]he under color of-state law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal quotation marks and citation omitted); Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Here, because Papa is alleged to be Plaintiff's court-appointed defense attorney in the underlying state court criminal proceedings (Compl. at 5), she is a private party who does not act under color of state law. It is long established that a "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981); Rodriguez v. Weprin, 116 F.3d 62, 65-66 (2d Cir. 1997). However, a private actor, such as Papa, may be considered to be acting under the color of state law for purposes of Section 1983 if the private actor was a "'willful

7

participant in joint activity with the State or its agents.'" Ciambriello, 292 F.3d at 324 (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970)). Section 1983 liability may also extend to a private party who conspires with a state actor to violate a plaintiff's constitutional rights. Ciambriello, 292 F.3d at 323-24. "To establish joint action, a plaintiff must show that the private citizen and the state official shared a common unlawful goal; the true state actor and the jointly acting private party must agree to deprive the plaintiff of rights guaranteed by federal law." Anilao v. Spota, 774 F. Supp. 2d 457, 498 (E.D.N.Y. 2011) (internal quotation marks and citation omitted). Alternatively, to show that there was a conspiracy between a private actor and the state or its agents, a plaintiff must provide evidence of "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act in furtherance of that goal causing damages." Ciambriello, 292 F.3d at 324-25. These two methods of demonstrating state action -- "joint action" and "conspiracy with" -- are "intertwined" and overlap in significant respects. Harrison v. New York, 95 F. Supp. 3d 293, 322 (E.D.N.Y. 2015) (internal quotation marks and citation omitted).

Here, Plaintiff alleges only speculative and conclusory allegations that Papa acted jointly with Justice Dunne and ADA Turk or conspired with them to deprive Plaintiff of his constitutional rights. Indeed, Plaintiff claims that Justice Dunne and ADA Turk knew there was exculpatory evidence and speculates that, therefore, they must have "participated" with or "conspired with Danielle Papa to keep Plaintiff incarcerated." (Compl. at 4.) Thus, Plaintiff has not alleged a plausible conspiracy or joint actor claim. Accordingly, Plaintiff's Section 1983 claims against Papa are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b).

8

### 4. Pending State Criminal Proceedings

Though far from clear, to the extent that Plaintiff is asking the Court to intervene in his pending state-court criminal proceedings, the Court must dismiss any such claims. Federal courts ordinarily must abstain from exercising jurisdiction over constitutional claims seeking declaratory or injunctive relief in three classes of state court proceedings: (1) "state criminal prosecutions"; (2) "civil enforcement proceedings"; and (3) civil proceedings that "implicate a State's interest in enforcing the orders and judgments of its courts." Sprint Communications, Inc. v. Jacobs, 571 U.S. 69, 73, 78 (2013) (internal quotation marks and citations omitted) ("We have not applied Younger outside these three 'exceptional' categories, and today hold . . . that they define Younger's scope."); see also Younger v. Harris, 401 U.S. 37(1971).

Here, insofar as plaintiff seeks injunctive relief relating to his on-going state court criminal prosecution[3], this Court must abstain under the Younger abstention doctrine. Accordingly, any claims for injunctive relief are implausible and are thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b).

### 6. State Law Claims

Under 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over

---

[3] It appears that Plaintiff seeks the initiation of criminal proceedings against the Defendants pursuant to 18 U.S.C. §§ 241, 242, and 2382. It is well-established that "there is no private right of action under these criminal statutes." Kelly v. New York, No. 19-CV-2063, 2020 WL 7042764, at *11 (E.D.N.Y. Nov. 30, 2020) (citing Hill v. Didio, 191 F. App'x 13, 14 (2d Cir. 2006) (no private right of action under 18 U.S.C. § 242); Ippolito v. Meisel, 958 F. Supp. 155, 161 (S.D.N.Y. 1997) (holding that there is no private right of action under 18 U.S.C. §§ 241 and 242)); see also Corrado v. New York Off. of Temp., No. 15-CV-7316, 2016 WL 3181128, at *5 (E.D.N.Y. June 2, 2016) (dismissing causes of action alleging violations of 18 U.S.C. §§ 242 and 2382, inter alia, with prejudice pursuant to 28 U.S.C. § 1915(e) (2)(B)(ii)) (citing Nguyen v. Ridgewood Sav. Bank, No. 14-CV-1058, 2015 WL 2354308, at *13 (E.D.N.Y. May 15, 2015) (citation omitted) (dismissing claims for treason and misprision of treason under 18 U.S.C. §§ 2381 and 2382, respectively, because statutes do not provide private right of action) (additional citation omitted)).

all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, courts "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." Id. § 1367(c); (c)(3); see Shahriar v. Smith & Wollensky Rest. Grp., Inc., 659 F.3d 234, 245 (2d. Cir. 2011). The Supreme Court has explained that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine - - judicial economy, convenience, fairness, and comity - - will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

Here, given the absence of any viably pled federal law claim, the interests of judicial economy, convenience, fairness, and comity weigh in favor of not exercising supplemental jurisdiction at this time over any state law claims, including Plaintiff's purported speedy indictment claim under CPL 180.80, that may be reasonably construed from the complaint. Accordingly, the Court declines to exercise supplemental jurisdiction over any potential state-law claims contained in Plaintiff's complaint and dismisses any such claims without prejudice.

### 7. Leave to Amend

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795-96 (2d Cir. 1999) (internal quotation marks omitted)). Indeed, a pro se plaintiff who brings a civil rights action, "should be 'fairly freely' afforded an opportunity to amend his

10

complaint." Boddie v. New York State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)) (internal quotation marks omitted).  However, while "pro se plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id.  (citations omitted).

Here, the Court has carefully considered whether Plaintiff should be granted leave to amend his complaint. Because the defects in Plaintiff's claims are substantive and could not be cured in an amended pleading, leave to amend the complaint is denied.

### III.   CONCLUSION

For the forgoing reasons, Plaintiff's application to proceed in forma pauperis is granted, but the complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), (iii), 1915A(b).  The Clerk of the Court is ordered to enter judgment and to close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of Court shall mail a copy of this Order to the Plaintiff at his address of record.

**SO ORDERED.**

|  |  |
|---|---|
| Dated:      September 8, 2021<br>              Central Islip, New York | ___/s/ (JMA)_____<br>Joan M. Azrack<br>United States District Judge |